IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STACEY DAVENPORT<br>    Plaintiff,<br><br>v.<br><br>RALPH S. NORTHAM,<br>BRIAN J. MORAN<br>HAROLD CLARKE,<br>RICK WHITE,<br>    Defendant. | Case No. 20cv1459<br>Judge RDA/IDD |

## COMPLAINT

COMES NOW, Plaintiff, Stacey Davenport, pro se, and file a Complaint pursuant to 42 U.S.C. Section 1983 of being discriminated against due to being treated with deliberate indifferent of the Defendants failure to enact polices to reduce the population density in VDOC prisons during the COVID-19 pandemic resulting in conditions of confinement that present such an imminent risk to the Plaintiff health that it violates his Eighth Amendment right to be free from cruel and unusual punishment as incorporated to the States by the Fourteenth Amendment. In addition, Defendants violation and reprehensible breach of oversight of the settlement agreement, which was approved by and can be enforced by this Federal "Court," commits VDOC to review promptly inmates such as myself for early release under the [governor's budget amendment and set up procedures for the Secretary of The Commonwealth] to be considered as alternatives to incarceration as a result of this pandemic.

### Preliminary & Jurisdictional Statement

Defendant RALPH S. NORTHAM is the Governor of the Commonwealth of Virginia and our Commonwealth's Chief Executive Officer responsible

1

for overseeing, managing, and directing policy for all Virginia agencies, including the Department of Public Safety and Homeland Security, which is the governing agency of the Virginia Department of Corrections ("VDOC").

As of April 6, 2020, at a public press conference, Governor Northam recognized the value of wearing masks as a means of reducing the risk of COVID-19 contamination. At the press conference he said that he wanted to release prisoners with less than a year on their sentence, of which plaintiff scheduled release is currently dated for December 15th, 2020, less than 34 days.

On March 12, 2020, Governor Northam declared a State of Emergency in response to the public threat to health posed by COVID-19.

On March 19, 2020, Governor Northam requested law enforcement prosecutors, and judges to consider alternatives to incarceration as a result of this pandemic.

On March 20, Governor Northam activated the National Guard to aid Virginians during the State of Emergency posed by COVID-19.

On March 30, 2020, Governor Northam enacted Executive Order No. 55 ("EO55") which ordered, in part: "All individuals in Virginia shall remain at their place of residence, except as provided below by this Order and Executive Order 53. To the extent individuals use shared or outdoor spaces, whether on land or on water, they must at all times maintain social distancing of at least six feet from any other person, with the exception of family or household members or caretakers."

Violation of Governor Northam's EO55 were deemed punishable as Class 1 misdemeanor via Va. Code Section 44-146.17.

Defendant BRIAN MORAN is the Secretary of Public Safety and Homeland Security, having been reappointed to this position by Governor Northam. Secretary Moran is responsible for overseeing, managing, and directing policy for all agencies within the Department of Public Safety and Homeland Security, including the VDOC and its prisons.

On March 20, 2020, Brian Moran requested law enforcement, prosecutors, and judges to consider alternatives to incarceration as a result of this pandemic.

Neither Governor Northam nor Secretary Moran have ordered Virginia's state government to identify alternative facilities or alternative methods of incarceration for inmates in the VDOC prison system.

On April 3, 2020, President Trump declared Virginia to be a "major disaster area" in light of the impact and spread of COVID-19.

United States Attorney General William Barr on April 3, 2020, issued a State of Emergency within the U.S. Bureau of Prisons due to the threat posed by COVID-19 in the prison population and ordered the expedited release of inmates to home confinement via the use of home electronic GPS ankle monitoring.

The Center for Disease Control issued guidance that individuals are at higher risk of contracting COVID-19 when in tightly crowded areas and all government entities have suggested individuals are to stay home as much as possible.

The conditions of confinement throughout the correctional facilities in VDOC create an ideal environment for the transmission of COVID-19.

Defendant HAROLD CLARKE is the Director of the VDOC. He provides final approval of rules applicable to prison inmates. He is sued in his official capacity for declaratory and injunctive relief.

The VDOC directly oversees all policies and institutional directives for all State Correctional facilities throughout the Commonwealth, including all of those managed by the wardens.

Defendant RICK WHITE is the warden of Indian Creek Correctional Center ("Indian Creek") in Chesapeake, Virginia. He is sued in his official capacity for declaratory and injunctive relief due to the "Threat of COVID-19," "Basic Practces And Accepted Norms In Response To COVID-19," "Response To COVID-19 & Spread Throughout The Commonwealth," "Conditions of Confinement & Institutional Practices That pose Heightened Risks of Infection in Virginia's Prison System,"

### Causes of Action

I. Cruel and Unusual Punishment
(Population Density & Spatial Limitations)

II. Cruel and Unusual Punishment
(Lack of Supplies, Equipment, & Sanitation Policies for Inmates)

III. Cruel and Unusual Punishment
(Lack of Basic Supplies, Equipment, & Sanitation Policies for Staff)

IV. Cruel and Unusual Punishment
(Lack of Medical Supplies, Equipment, & testing for inmates and Staff)

V. Discrimination with Deliberate Indifferent
(Defendants' noncompliance of a settlement agreement of offenders with equal needs be treated equally) directly related to and enforable by this Federal Court in the previously filed case "<u>Whorley et al v. Northam et al</u>, Civil Action Number-3:20-cv-255.

The Eighth Amendment of the United States Constitution, as applied to the State via the Fourteenth Amendment, protect all Americans from cruel and unusual punishment, discrimination and

deliberate indifference at the hands of the State. Within that guarantee, the Supreme Court of the United States has recognized that this Eighth Amendment protection "does not mandate comfortable prisons," but neither does it permit inhumane ones, and it is now settled that "the teatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In its prohibition of "cruel and unusual punishment," the Eighth Amendment imposes duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmate," Id. at 832-33 (citations omitted).

### Prayer for Relief

WHEREFORE, the Plaintiff respectfully request for this honorable court to:

A. Assume jurisdiction over this action;

B. Declare the Defendants' failure to enact polices to reduce the population density in VDOC prisons during the COVID-19 pandemic results in conditions of confinement that present such an imminent risk to the Plaintiffs' health that it violates his Eighth Amendment right to be free from cruel and unusual punishment as incorporated to the state by the Fourteenth Amendment.

C. Grant a preliminary and permanent injunction to:

i. Mandate the Defendants to implement immediate, material policies to alleviate the population density in the State

5

Correctional Facilities as a means of enhancing the practice known as social distancing.

ii. Ordering the Defendants to implement alternative methods of incarceration, specifically the use of home electronic GPS ankle monitoring, as a means of alleviating the population density in the VDOC facilities.

iii. Ordering the Defendants to identify and bump up the review of potential inmates that have long met the basic criteria for early release under the Executive Order of Governor Northam due to the COVID-19 pandemic coronavirus.

iv. Ordering the Defendants, as a means of alleviating the VDOC population density, to review and reverse past noncompliance settlement agreement, which was approved by and can be enforced by Federal "Court."

v. Ordering the Defendants to cease and desist from discriminating against Plaintiff who is eligible for release immediately through June 10, 2020, in addition to the extended order of Governor Northam to a later date.

vi. Enjoining the Defendants from engaging in any other conduct this Court fines violative of Plaintiffs' rights as alleged.

D. Grant Plaintiff further relief as this Court deems just and appropriate.

Respectfully submitted

*Stacey Davenport*
Stacey Davenport ("1198659")
Indian Creek Correctional Center
Post Office Box 16481
Chesapeake, Virginia 23328

## Certificate of Service

I certify taht I mailed a true copy of the Complaint to the below listed names and address on the \_11\_ day of November 2020.

Governor Ralph S. Northam
Executive Mansion
Capitol Square
Richmond, Virginia 23218

Secretary Brian J. Moran
Secretary Of Public Safety
1111 E Broad St # 5035,
Richmond, Virginia 23219

Director Harold Clarke
Virginia Department of Corrections
6900 Atmore Drive
Richmond, Virginia 23225

6